IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

**LORI A MARTIN-FAIR**                                                              **PLAINTIFF**

v.                          **CASE NO. 4:24-cv-370 JM**

**BILL JAMES,** *et al*.                                                        **DEFENDANTS**

## ORDER

Plaintiff Lori A. Martin-Fair's motion to proceed *in forma pauperis* (Doc. 1) is granted. She reports living with a disability and limited savings. *See Martin-Trigona v. Stewart*, 691 F.2d 856, 857 (8th Cir. 1982) (*per curiam*) (complaint can be filed if plaintiff qualifies by economic status under 28 U.S.C. § 1915(a)).

The Court must screen the Complaint. 28 U.S.C. § 1915(e)(2). "A pro se plaintiff must set forth enough factual allegations to 'nudge [ ] their claims across the line from conceivable to plausible,' or 'their complaint must be dismissed' for failing to state a claim upon which relief can be granted." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 569-70 (2007); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."). Regardless of whether a plaintiff is represented or is appearing pro se, the plaintiff's complaint must allege specific facts sufficient to state a claim. *See Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985).

Martin-Fair sued Bill James, Sergeant Sabrina Washington, Detective Corey Wilfong, Officer Julie Hillard, and Officer Saquinn Lee under 42 U.S.C. § 1983 for civil rights violations. (Doc. 3). Martin-Fair has not identified in what capacity she sues Defendants or where the law enforcement officers are employed. In fact, rather than complete the *pro se* civil complaint (Doc.

3 at 1–5), Martin-Fair attached a number of purported legal documents she obviously originated. (*Id*. at 7–15, 18–19). Although there is no clear narrative of facts or argument in the Complaint, the Court could nevertheless cobble together a picture of events.

Martin-Fair provides a police report from her November 26, 2023 arrest. (*Id*. at 16–17). Using that report and a search of public records, it appears that police were called to Martin-Fair's home on November 26, 2023 after she forced her minor grandson from her home at 11:39 p.m. (*Id*); *see also State v. Martin-Fair*, 35CR-24-61 (Jefferson County) (Criminal Information). When the officers instructed that she must allow the minor back into her home or be arrested for endangering the welfare of a minor, a fight ensued. (*Id*.). Apparently, when Officer Hillard attempted to arrest Martin-Fair, she grabbed the officer's hair with both hands and the two scuffled. (*Id*.). When Martin-Fair would not release Officer Hillard's hair, Officer Lee tased her, resulting in both women falling to the ground. (*Id*.). Martin-Fair allegedly still had Officer Hillard's hair in her grasp, so Officer Hillard "swung at her with a closed fist, which connect with her facial area." (*Id*. at 17). Martin-Fair was then handcuffed, taken to Jefferson Regional Medical Center for evaluation, and, on release, transported to "DBDC and booked for Battery 2nd on a Police Officer, Resisting Arrest, and Endangering the Welfare of a Minor." (*Id*.). Those charges remain pending.

Bill James is Martin-Fair's criminal attorney for her state suit, which is set to go to trial on July 22, 2024. (*Id*.). In her Complaint, Martin-Fair appears to allege that Bill James has ineffectively represented her. (*Id*. at 10). She also argues that the officers have engaged in "elder abuse . . . trespass, abuse of process, abuse of power, unjustifiable use of force, and breach of duty." (*Id*. at 7). She seeks damages in the amount of 146,000 pounds of gold and silver, which she estimates to be valued at $259,419,840.00. (*Id*. at 13). Because Martin-Fair's criminal charges remain pending, this Court will refrain from hearing her claims at this time.

In *Younger v. Harris*, 401 U.S. 37, 43-45 (1971), the Supreme Court held that federal courts should abstain from interfering in ongoing state proceedings. The Court explained the rationale for such abstention as follows:

> [The concept of federalism] represent[s] . . . a system in which there is sensitivity to the legitimate interests of both State and National Governments, and in which the National Government, anxious though it may be to vindicate and protect federal rights and federal interests, always endeavors to do so in ways that will not unduly interfere with the legitimate activities of the States.

*Id*. at 44. Accordingly, a federal court must abstain from entertaining constitutional claims when: (1) there is an ongoing state judicial proceeding; (2) the state proceeding implicates important state interests; and (3) there is an adequate opportunity in the state proceedings to raise the constitutional challenges. *Yamaha Motor Corp. v. Stroud*, 179 F.3d 598, 602 (8th Cir. 1999); *Yamaha Motor Corp. v. Riney*, 21 F.3d 793, 797 (8th Cir. 1994). If all three questions are answered affirmatively, a federal court should abstain unless it detects "bad faith, harassment, or some other extraordinary circumstance that would make abstention inappropriate." *Middlesex County Ethics Comm'n v. Garden State Bar Ass'n*, 457 U.S. 423, 435 (1982).

Because Arkansas has an important interest in its criminal justice procedures, this Court will abstain from entertaining Martin-Fair's constitutional claims at this time. Further, there is no indication of bad faith, harassment, or any other extraordinary circumstance that would make abstention inappropriate. Having determined that the Court should abstain from entertaining Martin-Fair's claims, it must decide whether to dismiss, or to stay, the case. Where only injunctive or equitable relief is sought, dismissal is appropriate. *Night Clubs, Inc. v. City of Fort Smith*, 163 F.3d 475, 481 (8th Cir. 1998). Because Martin-Fair seeks damages, her case is stayed and administratively terminated. *Stroud*, 179 F.3d at 603-04.

IT IS ORDERED that:

1. The Clerk of the Court is directed to stay and administratively terminate this proceeding pending final disposition of Martin-Fair's state criminal charges.

2. Martin-Fair may file a motion to reopen this case after such final disposition. Any motion to reopen must be filed within 60 days of that final disposition. If Martin-Fair does not file a timely motion to reopen or a status report by May 23, 2025, then the Court will reopen the case and dismiss it without prejudice.

DATED this 23rd day of May, 2024.

_____
UNITED STATES DISTRICT JUDGE